NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## CORA L. IRONS, PETITIONER, v. HAUSE WASHED GRAVEL AND SAND COMPANY, RESPONDENT.

For the petitioner, *Francis L. Stone.*

For the respondent, *Carl S. Kuebler,* of *McDermott, Enright & Carpenter.*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

I do find and determine from the evidence as follows:

*First.*—That Austin H. Irons, deceased, was on the 1st day of August, 1927, in the employ of Hause Washed Gravel and Sand Company, Wayside, New Jersey, as operator of an electric conveyer.

*Second.*—That the said Austin H. Irons, deceased, received for his services wages at the rate of $28 per week.

*Third.*—That on the said 1st day of August, 1927, the said Austin H. Irons, deceased, met with an accident which resulted in his death; that the said accident arose out of and in the course of the employment, and that death was caused by electric shock. The said Austin H. Irons was found dead at or about four P. M. on the day above mentioned, lying on the floor of the room containing the electric switches, compensator and other electric devices used in the operation of the electric conveyer. No one witnessed the fatality. There is no proof of accident other than by logical inference. The very nature of the decedent's duties subjected him to an unusual hazard, that of electricity of high tension. There is tes-

timony bearing out the fact that just prior to or at about the time the body of the deceased was found, there was a thunder storm with considerable lightning. This, of course, adds to the already existing hazards, making it all the more likely for one employed in the capacity as was the decedent to become shocked and killed by electric current. The testimony of Dr. Harvey W. Hartman, county physician of Monmouth county, who examined and also performed an autopsy upon the decedent on August 2d, 1927, establishes the fact that there were several burns on the body, one on the breast just below the nipple ánd two on the right hand; examination of the vital organs, such as heart, lungs, kidneys, &c., revealed them to be in a normal state. No other conclusion is susceptible but that the death of the said Austin H. Irons was caused by electric shock. If an employe is found dead and there is no evidence as to how he met his death, the court will presume it was by accident arising out of and in the course of the employment, provided the body is found under circumstances reasonably connected with the said employment. *DeFazio's Estate* v. *Goldschmidt Detinning Co.,* 87 *N. J. L.* 317, and *Muzik* v. *Erie Railroad Co.,* 85 *Id.* 129. Although the respondent contends that death was caused and due to natural causes, this, however, is not borne out by the testimony. Where the respondent seeks to avoid liability for a cause for which it is not responsible, the burden of proof is on the respondent to show such cause. *Atchison* v. *Colgate Co.,* 3 *N. J. Mis. R.* 451; 131 *Atl. Rep.* 921.

*Fourth.*—That the respondent had actual knowledge of the occurrence of the said accident.

*Fifth.*—That the said employment was subject to the provisions of section 2, chapter 95, laws of 1911, known as the Elective Schedule of Compensation, and that the petition herein was filed with the secretary of the workmen's compensation bureau, Trenton, New Jersey, on August 19th, 1927, and that as the accident occurred on August 1st, 1927, the petition was filed within one year after the accident as prescribed by law.

*Sixth.*—That the said Austin H. Irons, deceased, left surviving him a mother, Cora L. Irons, the petitioner, who I

find was a partial dependent to the extent of $10 per week, being the net contribution of the said decedent to the petitioner each week up to the time of the accident.

*Seventh.*—I find, therefore, that the petitioner is entitled to compensation as a partial dependent for a period of three hundred weeks at the rate of $3.50, beginning with the 1st day of August, 1927, and I further find that the petitioner is entitled to the sum of $150 for burial expenses.

*Eighth.*—I further find that the petitioner's attorney, Francis L. Stone, Esquire, is entitled to an allowance of counsel fee, which I fix in the sum of $150, and which I assess against the respondent.

*Ninth.*—Costs of stenographic attendance fees will be allowed the petitioner.